UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:18-cv-000384-RFB-NJK |
| Plaintiff, | |
| v. | **ORDER** |
| ESTATES-UNIT OWNERS' ASSOCIATION; HAMPTON AND HAMPTON COLLECTIONS LLC; and SATICOY BAY LLC SERIES 18 VIA VISIONE 10104, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Defendant Saticoy Bay LLC Series 18 Via Visione 10104's ("Saticoy Bay's") Motion to Dismiss (ECF No. 10). The Court will file a separate order as it relates to the other dispositive motions in this case.

In the complaint filed March 2, 2018, BANA states five causes of action: (1) Quiet Title; (2) Declaratory Relief; (3) Breach of NRS 116.1113; (4) Wrongful Foreclosure; and (5) Injunctive Relief. ECF No. 1. For the reasons stated below, the Court grants in part and denies in part Saticoy Bay's Motion to Dismiss.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in BANA's complaint. ECF No. 1.

On March 6, 2008, Gagik Aroyan purchased a property located at 18 Via Visione 10104, Henderson, Nevada 89011 ("the Property") with a $417,000 loan from BANA that was secured by a note and deed of trust (the senior deed of trust), recorded on March 12, 2008.

On June 10, 2011, Estates-Unit Owners' Association ("Estates"), through its agent, Hampton & Hampton Collections LLC ("Hampton"), recorded a notice of delinquent assessment lien. Per the notice, the amount due to Estates was $2,721.60, but the notice did not specify whether it included dues, interest, fees and collection costs in addition to assessments.

On July 25, 2011, Estates, through its agent, Hampton, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice stated that the amount due to Estates was $4,046.07, but did not specify whether it included dues, interest, fees and collection costs in addition to assessments.

On December 15, 2014, Estates, through its agent, Hampton, recorded a second notice of default and election to sell to satisfy the delinquent assessment lien. The notice stated the amount due to Estates was $11,088.18, but again did not specify whether it included dues, interest, fees and collection costs in addition to assessments.

On July 27, 2015, Estates, through its agent, Hampton, recorded a notice of trustee's sale. The trustee's sale was scheduled for September 2, 2015. The notice states the amount due to Estates was $14,258.28, which includes "the remaining principal sum due under [the] Notice of Delinquent Assessment Lien, plus fees and costs of the Trustee[.]"

Estates foreclosed on the property on or about September 2, 2015. A trustee's deed upon sale in favor of Saticoy Bay was recorded on October 5, 2015. Upon information and belief, the sale price at the September 2, 2015 foreclosure sale was $30,100.00, less than eight percent of the value of the unpaid principal balance on the senior deed of trust.

### III. PROCEDURAL BACKGROUND

BANA filed its complaint on March 2, 2018. ECF No. 1.

On March 23, 2018, Saticoy Bay filed its instant Motion to Dismiss. ECF No. 10. On March 26, 2018, Estates filed a Motion to Dismiss. ECF No. 12.

The Court entered a scheduling order on April 18, 2018. ECF No. 19. On July 18, 2018, a clerk's default was entered as to Hampton. ECF No. 25. Discovery closed on September 19, 2018. ECF No. 19.

On November 2, 2018, BANA, Saticoy Bay, and Estate-Unit each filed a motion for summary judgment. ECF Nos. 37, 39, 40. Saticoy Bay also filed an answer to BANA's complaint, including a counter-claim against BANA. ECF No. 38. BANA filed its answer to Saticoy Bay's counter-claim on November 20, 2018. ECF No. 42.

On March 26, 2019, BANA filed a Motion for Leave to File Supplemental Authority. ECF No. 54.

## IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## V. DISCUSSION

In its Motion to Dismiss, Saticoy Bay argues that BANA fails to state a cause of action upon which relief may be granted. The Complaint brings four separate claims: a.) a quiet title claim finding that the NRS Chapter 116 is facially unconstitutional and unconstitutional as applied; b.) a claim for declaratory relief finding that BANA make judicially foreclose under the deed of trust; c.) a claim that Estates breached its duty of good faith under NRS 116.1113 by not complying with the CC&R's; and d.) a claim for wrongful foreclosure for grossly inadequate price and inadequate notice by Estates. For the reasons below, the Court grants the motion in part.

### a. Estoppel

3

Saticoy Bay argues that BANA is estopped from bringing its claims by unclean hands and the failure to mitigate doctrine because, according to the facts as pled in the complaint, it argues that BANA chose not to not pay the super-priority lien or take any action whatsoever.

The Court does not find any facts pleaded on the face of the complaint that support estopping BANA on the basis of either unclean hands or failure to mitigate. Construing the pleaded facts in the light most favorable to BANA, these doctrines do not apply. Unclean hands can prevent a plaintiff from pursing equitable relief where a "willful act" by the plaintiff "rightfully can be said to transgress equitable standards of conduct." Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 815 (1945). BANA certainly does not allege that it committed any willful act in transgression of equitable standards of conduct. Failure to mitigate is not a defense that bars suit and cannot be a basis on which to dismiss BANA's complaint; "[a]ny failure to mitigate goes to the amount of deficiency owed, not whether a deficiency exists." Resolution Tr. Corp. v. BVS Dev., Inc., 42 F.3d 1206, 1216 (9th Cir. 1994).

### b. Equity Jurisdiction

Saticoy Bay argues that BANA has no remedies available against Saticoy Bay regarding the allegedly wrongful foreclosure sale because any wrongful foreclosure can be compensated with money damages. The Court disagrees and finds that it has "inherent equitable jurisdiction to settle title disputes." See Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp, 366 P.3d 1105, 1110–1111 (Nev. 2016). The Court possesses the power to invalidate the foreclosure sale and/or to make declarations as to the present interests in the Property, or lack thereof, held by the Parties. BANA has jurisdiction to seek equitable relief.

### c. Bona Fide Purchaser

Saticoy Bay next argues that it is a bona fide purchaser, and that BANA carries the burden to show otherwise. A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Shadow Wood, 366 P.3d at 1115 (citation omitted). Construing the complaint in the light most favorable to BANA, BANA does allege that Saticoy Bay was aware of alleged defects in the foreclosure sale and was therefore not a bona fide purchaser. Saticoy Bay's

4

argument does not regard the sufficiency of the complaint and is not a basis for granting a motion to dismiss. Whether or not Saticoy Bay was a bona fide purchaser is a question of fact.

### d. Lack of Super-Priority Requirement

Saticoy Bay argues that BANA's quiet title claim necessarily fails to the extent BANA alleges that the notices failed to provide the correct super-priority amount.

The Court agrees that the relevant notice statutes at the time the notices were issued did not require any separate identification of a "super-priority" section with an amount. NRS 116.31162 only required identification of the "deficiency in payment." BANA alleges that the notices included the amounts due to Estates. The notices as described in the complaint are consistent with the applicable statutory requirement.

The Court further agrees that, on the face of BANA's complaint, the notices provided did not deprive BANA of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id.

### e. Constitutionality of NRS Chapter 116

Saticoy Bay argues that the Nevada Supreme Court has expressly rejected BANA's argument that NRS Chapter 116 is facially unconstitutional.

The Court agrees that BANA's facial constitutionality argument is foreclosed by Nevada Supreme Court case law. In Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct.

2296 (2017). This holding was based upon the Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter 116 as an "opt-in" notice statutory scheme. Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like BANA. Id. As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process.

Therefore, to the extent BANA's claim is based on the facial unconstitutionality of NRS Chapter 116, BANA's claim is not plausible on its face and is dismissed.

The Court finds, however, that BANA has stated a plausible claim for an as-applied due process challenge. BANA alleges that it did not receive complete information about the nature of the assessments and outstanding fees. The Complaint suggests that the notices were in fact misleading as to the nature of lien and the assessments and fees. While it is a close call, the Court finds that BANA's allegations are sufficient to create a plausible claim for an as applied challenged in relation to the notices in this case.

### f. Commercial Reasonableness

BANA's first claim is based in part on the allegation that the sales price for which the Property was purchased was commercially unreasonable and not in good faith. The Court finds that this basis for the claim necessarily fails based upon Nevada law and clear Nevada Supreme Court precedent. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted). BANA's commercial unreasonableness claim is contrary to Nevada law and must be rejected.

/ / /

/ / /

/ / /

/ / /

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Saticoy Bay's Motion to Dismiss (ECF No. 10) is GRANTED in part and DENIED in part as explained in this order.

DATED: March 31, 2019.



RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE